IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR THE COUNTY OF NEW CASTLE

| | |
|---|---|
| Salih (Cecil Hall/ Salih Hall), Petitioner, | ) ) ) ) |
| Vs. | ) C.A. No. 08-27-SLR ) |
| Perry Phelps, Warden, and Attorney General of the State of Delaware, Respondents. | ) ) ) ) ) |

### MOTION FOR STAY OR ORDER TO HOLD PETITION FOR HABEAS CORPUS IN ABEYANCE

**COMES NOW** the Petitioner, Salih (Cecil Hall/ Salih Hall), and moves this Honorable court for an order to stay or to hold the herein matter in abeyance, until such time that petitioner exhausts state remedies on a claim of ineffective counsel, pursuant to 28 U.S.C., Section 2254(b)(1)(a). Petitioner will submit the following in support of this request:

1. Petitioner filed the herein application habeas corpus following denial of direct appeal in the Delaware Supreme Court raising issues of double jeopardy, the res judicata effect of a previously entered Pennsylvania judgment by plea agreement on his sentence as habitual offender, challenging the constitutionality of the state habitual offender statute as a conclusive presumption of incorrigibility, and the failure of the state appellate court to review constitutional challenges presented to it on direct appeal.

2. Dated, January 29th, 2008, petitioner was granted leave to proceed in this matter in forma pauperis, but presented an election form by the court pursuant to the



Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), advising petitioner of the new procedures pertaining to successive petitions.

3. After review of the provisions referred to in the form presented under the AEDPA, petitioner now moves the court, as an alternative to the options presented in that form, to grant him an order to stay these proceedings, or to hold them in abeyance, until such time that the attached motion for post-conviction relief, raising the additional issue of ineffective assistance of counsel is exhausted in the state court. Petitioner submits that after considered review of his claims that inclusion of a claim of ineffective counsel is essential to proper review pursuant to state Supreme Court Rule 8, so that this court may review petitioner's grievances under amendments to federal habeas corpus rules.

4. Petitioner submits this request for a stay or order holding this matter in abeyance to the sound discretion of the court for good cause, and such an order would not in any manner prejudice the state. Petitioner is an indigent defendant who has already incurred the expense of mailing and producing substantial documents filed in this case, and served upon the attorney general. Petitioner had to sacrifice in order to present his claim to this court, and not substantial change in the future is likely that would reduce the financial hardship which would be incurred if he is forced to re-file document through postage and other cost.

5. Petitioner submits that ordering this matter stayed or held in abeyance is within the sound discretion of this court, and will in no way lead to any result inconsistent with the AEDPA. First, District courts do ordinarily have authority to issue stays, see Landis v. North American Co., 299 US 248, 254, 57 S.Ct. 163,

81 L.Ed 153 (1936), where such a stay would be a proper exercise of discretion, see Clinton v. Jones, 520 US 681, 706, 117 S.Ct 1636, 137 L.Ed 2d 945 (1997). The AEDPA does not deprive district courts of that authority, c.f. 28 U.S.C., Section 2254(b)(1)(a) "an application for a writ of habeas corpus………..shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the state," but it does circumscribe their discretion. This circumscription is merely that discretion be compatible with AEDPA's purpose. See Rhines v. Wilbur, 125 S.Ct. 1528 (2005).

6. The AEDPA was enacted to reduce delays in the execution of state and federal criminal sentences, particularly in capital cases. See Woodford v. Garceav, 538 US 202, 206, 123 S.Ct. 1398, 155 L.Ed. 2d 363 (2003). The AEDPA's 1 year limitations period "quite plainly serves the well – recognized interest in the finality of state court judgments." See Duncan, 533 US, at 179, 121 S.Ct. 2120.

7. Petitioner submits that a stay or order holding this matter in abeyance until state remedies are exhausted by petitioner raising ineffective assistance of counsel claims by state post conviction remedy in no way will operate to delay. In fact, petitioner's filing post conviction relief application on the issue of ineffective counsel is consistent with the Congressional purpose in enacting AEDPA against the back drop of Lundy's total exhaustion requirement. The tolling provision in Section 2244(d)(2) "balances the interests served by the exhaustion requirement and the limitation period," by protecting a state prisoner's ability later to apply for federal habeas corpus relief while state remedies are being pursued. Duncan, at 179, 121 S.Ct. 2120.

8. Petitioner submits that his request for a stay or order holding this matter in abeyance while he pursues state post conviction relief is excused from the 1 year limitation period pursuant to 28 U.S.C., Section 2244(d)(2). Therefore, a stay of this matter is well within the sound discretion of this court, and consistent with the Congressional intent and purpose for the AEDPA.

**WHEREFORE**, Petitioner moves this court to stay this matter, or issue an order holding the matter in abeyance until his claim of ineffective counsel filed pursuant to state post conviction procedure is exhausted.

Dated: 3-5-08

Salih (Cecil Hall/ Salih Hall)
SBI # 104141
Delaware Correctional Center
1181 Paddock Road
Smyrna, De 19977

## Certificate of Service

I Salih, hereby certify that I have served a true and correct copy of the attached motion for stay or order to hold petition for habeas corpus in abeyance, upon the following party:

>Gregory Smith, Esquire
>Deputy Attorney General
>Department of Justice
>820 N. French Street
>Wilmington, De 19801

By placing the same in the US mail at the Delaware Correctional Center, addressed as above, this 6th day of March, 2008.

>Salih (Cecil Hall/ Salih Hall)
>SBI # 104141
>Delaware Correctional Center
>1181 Paddock Road
>Smyrna, De 19977

IM SAlih Hall
SBI# 104141    UNIT W-1
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977

Clerk of Court
United States District Court
Federal Building
844 King Street
Wilmington, De 19801