IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SALIH HALL (aka CECIL HALL), ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civ. A. No. 08-27-SLR |
| ) | |
| PERRY PHELPS, Warden, and ) | |
| ATTORNEY GENERAL OF THE ) | |
| STATE OF DELAWARE, ) | |
| ) | |
| Respondents. ) | |

**O R D E R**

WHEREAS, on January 14, 2008, petitioner filed an application for habeas relief pursuant to 28 U.S.C. § 2254. (D.I. 2); and

WHEREAS, petitioner's application asserts four claims: (1) the Delaware Supreme Court failed to review two constitutional issues presented in petitioner's direct appeal; (2) petitioner's sentence as an habitual offender violated his right to be protected against double jeopardy; (3) the Superior Court improperly characterized petitioner has an habitual offender; and (4) Delaware's habitual offender statute is unconstitutional. (D.I. 2); and

WHEREAS, petitioner's pending application indicates that he has exhausted state remedies for his four habeas claims; and

WHEREAS, on March 10, 2008, petitioner filed a "Motion for Stay or Order to Hold Petition for Habeas Corpus in Abeyance," indicating his wish to amend his § 2254 application to include a claim alleging ineffective assistance of counsel, but acknowledging that he must first exhaust state remedies for his ineffective assistance of

counsel claim. (D.I. 7); and

WHEREAS, petitioner moves the court to stay his pending habeas application while he exhausts state remedies for the unspecified ineffective assistance of counsel claim.

NOW, THEREFORE, IT IS ORDERED this 18th day of March, 2008, that:

1. Petitioner Salih Hall's motion to stay his habeas proceeding is **DENIED**. A federal habeas court is only authorized to stay a habeas proceeding if the habeas application contains both exhausted and unexhausted claims, and the petitioner's ability to file a future habeas application after proper exhaustion in the state courts will be clearly foreclosed by the expiration of AEDPA's one-year filing period. Rhines v. Weber, 544 U.S. 269 (2005); Pliler v. Ford, 542 U.S. 225 (2004). The statements contained in petitioner's January 14, 2008 habeas application reveal that the application contains only exhausted claims.[1] Therefore, a stay is inappropriate.[2]

2. No later than April 4, 2008, petitioner shall file the attached AEDPA election form indicating how he wishes to proceed. Petitioner's failure to timely file the attached

---

[1] The court does not view petitioner's vague statement regarding ineffective assistance as demonstrating his wish to amend the pending habeas application at this point in time. Rather, the court construes petitioner's statement as indicating a wish to amend the application after he exhausts state remedies for the claim. Therefore, the court limits its analysis of petitioner's motion to stay to the habeas application filed on January 14, 2008.

[2] Additionally, even if the court were to construe petitioner's vague statement as amending the application at this point in time, thereby causing the application to be mixed, a stay would still be inappropriate. The statements contained in petitioner's January 14, 2008 application indicate that AEDPA's one-year filing period is not in danger of expiring soon, and a properly filed application for post-conviction relief in the Delaware state courts would toll the limitations period. See 28 U.S.C. § 2254(d)(2).

form will result in the court ruling on the application as filed on January 14, 2008.

                                                            /s/ Sue L. Robinson
                                       UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SALIH HALL (aka CECIL HALL), ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civ. A. No. 08-27-SLR |
| ) | |
| PERRY PHELPS, Warden, and ) | |
| ATTORNEY GENERAL OF THE ) | |
| STATE OF DELAWARE, ) | |
| ) | |
| Respondents. ) | |

## AEDPA ELECTION FORM

1. _____  I wish the court to rule on my § 2254 petition as currently pending. I realize that the law does not allow me to file successive or later petitions unless I receive certification to do so from the United States Court of Appeals for the Third Circuit; therefore, this petition will be my one opportunity to seek federal habeas corpus relief.

2. _____  I wish to amend my § 2254 petition to include all the grounds I have. I will do so within thirty (30) days. I realize that the law does not allow me to file successive or later petitions unless I receive certification to do so from the United States Court of Appeals for the Third Circuit; therefore, this amended all-inclusive petition will be my one opportunity to seek federal habeas corpus relief.

3. _____  I wish to withdraw my § 2254 petition without prejudice to file one all-inclusive petition in the future; that is, one that raises all the grounds I have for federal habeas corpus relief. I realize this all-inclusive petition must be filed within the one-year period as defined by 28 U.S.C. § 2244(d). See <u>Swartz v. Meyers</u>, 204 F.3d 417 (3d Cir. 2000).

4. _____  I am not seeking federal habeas corpus relief under § 2254. I am instead seeking relief under _____.

_____
Petitioner