# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

Salih (Cecil Hall/ Salih Hall), )
    Petitioner, )
     )
Vs. ) C.A. No. 1:08-CV-27
     )
Warden Perry Phelps, et. Al., )
     )
    Respondents. )

**FILED APR - 3 2008 U.S. DISTRICT COURT DISTRICT OF DELAWARE**

## MOTION FOR APPOINTMENT OF COUNSEL

**NOW COMES** Petitioner, Salih, and moves this Honorable court, pursuant to Rule 8(c) of the Rules governing habeas corpus proceedings, 28 USC, Section 2254, for appointment of counsel in the herein proceeding. Petitioner will submit the following in support of this request:

1. Petitioner has presented a constitutional challenge to the Delaware habitual criminal statutes, 11 Del. C., subsection 4214(a) and 4215(b), on Two (2) separate grounds: (1) that the state statutes create an unconstitutional conclusive presumption of incorrigibility on the lesser fact of prior conviction alone contrary to principles of procedure and substantive due process of law; and (2) that incorrigibility is the aggravating fact which in essence forms the evil intended to be punished by the Delaware state legislature when enacting the habitual criminal statute, 11 Del. C., subsection 4214, and under the rationale of Apprendi v. New Jersey, 120 S.Ct 2348 (2000), the Delaware habitual offender procedure is constitutionally inadequate, and should require

that the factual existence of incorrigibility be proven beyond a reasonable doubt, before a jury.

2. Petitioner submits that like in Apprendi, the Delaware statute under challenge is based upon defendant's mental or moral condition of mind, namely the question of whether prior conviction can establish incorrigibility which is the basis used to extend his sentence beyond the statutory maximum, rendering incorrigibility a factual question that is an element of the crime rather that a mere sentencing factor declaration of habitual offender is the application of a status which enables a court to banish a defendant from civilized society for life, even in the case of a low grade non-violent felony. Thus, the factual existence of the status requisite metal state is fundamental to a valid declaration. Particular when issues like untreated chemical dependency could be the cause of exist prior conviction.

3. Petitioner submits that this claim provide a chance for success and is reasonable on the merits, while at the same time legally complex.

4. Petitioner submits that the interest of justice requires the appointment of counsel on this claim in the interest of true adversarial testing. If petitioner's claim has any merit, it represents an issue of fundamental fairness in state criminal procedure, and provides an opportunity to advance the law in assuring that fundamental fairness prevails, such a significant and novel claim should received the benefit of competent counsel in it's development for the court's adjudication.

**WHEREFORE**, petitioner moves this court to order the appointment of counsel to assure that petitioner's claim is properly presented for its consideration.

**Dated:** 3-31-08

Salih (Cecil Hall/ Salih Hall)
SBI # 104141
Delaware Correctional Center
1181 Paddock Road
Smyrna, De 19977

## Certificate of Service

I, Salih, hereby certify that I have served a true and correct copy of the attached Motion for appointment of counsel, upon the following parties:

>Gregory E. Smith, Esquire
>Deputy Attorney General
>Department of Justice
>820 n. French Street
>Wilmington, De 19801

By placing the same in the United States Mail at the Delaware Correctional Center, addressed as above on this 31st day of March, 2008.

>Salih
>SBI # 104141
>Delaware Correctional Center
>1181 Paddock Road
>Smyrna, De 19977

I/M SALIH HALL
SBI# 164141   UNIT W-1
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977

Clerk of Court
United States District Court
844 King Street
Wilmington De
19801 (Safe)