COPY

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

FILED

APR 2 2 2008

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

Salih Hall, aka Cecil )
Hall, )
     Petitioner, )
)
    Vs. )   Civil Action No. 08-27-SLR
)
Perry Phelps, Warden )
And Attorney General )
Of the State of )
Delaware, )
    Respondents. )

### MOTION SEEKING LEAVE FOR DISCOVERY PURSUANT TO
### HABEAS CORPUS RULE 6(A)

Petitioner moves this court for an order of granting leave for discovery pursuant

to Habeas Corpus Rule 6(a), and expansion of the record pursuant to Habeas Corpus Rule

7(a). Petitioner submits the following in support of this request:

1. As part of petitioner's habeas corpus claim for relief it is alleged that chemical

dependency is a now recognized brain disease classified as an organic mental

disorder. Petitioner argues in his complaint that his disease has been diagnosed

within the context of the criminal justice system records, and has been

documented as the presenting or proximate cause of his past criminal conduct,

arrest and convictions.

2. Consequently, petitioner asserts that under the 8th amendment doctrine of

evolving standards of decency, and pursuant to 11 Del. C., subsection 6502, 6523,

and 6531, that the state has established a fiduciary duty to provide him with

treatment for his organic mental disorder, before it could constitutionally declare

him a habitual criminal pursuant to a state legislatively created status of

incorrigibility, when it was well documented that petitioner's charged criminal conduct is the result of organic mental disorder on each of his encounters with the criminal justice system.

3. Petitioner has argued that advances in modern science defining chemical dependency as a neurological disorder flies in the face of a state policy that has determined that incarceration alone is sufficient as a chance for reform or rehabilitation when considering whether to exercise discretion to declare a criminal defendant (petitioner) incorrigible under state habitual statutes, when it is documented that the criminal conduct is the result of the disease. Petitioner claims that the failure to provide treatment for the now recognized disease (chemical dependency) now constitutes deliberate indifference to serious medical and mental health treatment needs contrary to the 8th amendment of the United States Constitution.

4. Petitioner submits that under the facts of this case, including the above legal position, that the state habitual criminal statute, status and procedure in Delaware, creates an unconstitutional conclusive presumption of incorrigibility in the lesser fact of prior conviction when the statue was intended by the state legislature to "separate from civilized society" those individuals who have proven to be incorrigible. Petitioner asserts that the fact that this statute creates a state created status of incorrigibility, that this distinguishes it from a mere enhancement statute. Petitioner also presented a claim that incorrigibility must then be proven pursuant to the standard of Apprendi v. New Jersey, 120 S.Ct 2348 (2000), thus rendering

Delaware's habitual offender statutes, 11 <u>Del. C.</u>, subsection 4214(a) and 4215(b), unconstitutional on 5th, 6th, 8th and 14th <u>amendment</u> grounds.

5.  Petitioner moves this court to permit discovery and expansion of the record in this case to require the respondents to provide the following documents:

      (a).  The pre-sentence reports of all of petitioner's prior conviction relied upon to declare him a habitual offender.

      (b).  All diagnostic evaluations generated by the Department of Corrections on petitioner upon entering the facilities of the Department pursuant to 11 <u>Del. C.</u>, subsection 6523.

      (c).  Psychiatric reports from 1994 by expert from University of Pennsylvania which formed the basis of suppression proceedings in the Superior Court during petitioner's last prosecution and conviction in Delaware.

6.  In addition to the above the petitioner seeks to depose ranking professionals of the national Institute on Drug Abuse by written deposition regarding significant details of the current scientific and medical understanding of chemical dependency and the relevancy of such advances on the question before the court.

7.  Petitioner, again renews his request for appointment of counsel in the development of the record in this case thought discovery, and in the event the state should assert a statutory right not to provide the petitioner directly with any documents sought.  In such a case documents could be presented to the court in camera with the assistance of counsel.

8. Petitioner does not waive any right to seek discovered documents beyond those expressly mentioned herein, and reserves the right to seek those documents which may come to light in the future.

9. Finally, petitioner submits that the need to expand the record in this case through discovery is justified and in the interest of justice, and that appointment of counsel is necessary for petitioner's effective utilization of discovery. See Section 2254 Rules, supra note 1, R. 6(a).

WHEREFORE, Petitioner moves this court to direct discovery as requested herein, and to appoint counsel for the effective utilization of discovery in this complex constitutional challenge of his declaration of incorrigibility under state habitual criminal proceedings.

Dated:  4 - 17 - 08

Salih Hall
SBI # 104141
Delaware Correctional Center
1181 Paddock Road
Smyrna, De 19977

## Certificate of Service

I, Salih Hall, hereby certify that I have served a true and correct copy of the

attached Motion Seeking Leave For Discovery Pursuant to habeas Corpus Rule 6(a),

upon the following parties:

>           Deputy Attorney General
>           Department of Justice
>           820 N. French Street
>           Wilmington, De 19801

By placing the same in an envelop, addressed as above, and placing the same in

the United States Mail at the Delaware Correctional Center, with postage prepaid, on

this _1 8th_ day of ___April___, 2008.

                                        Salih Hall
                                        SBI # 104141
                                        Delaware Correctional Center
                                        1181 Paddock Road
                                        Smyrna, De 19977

I/M: Sal_____

SBI# 654/96    UNIT W-1

DELAWARE CORRECTIONAL CENTER

1181 PADDOCK ROAD

SMYRNA, DELAWARE 19977

Clerk of Court
United States District Court
Federal Building
844 King Street
Wilmington, DE 19801



02 1A
000-408975
MAILED FROM ZIP CODE 19977
APR 17 2008
$ 01.31⁰