IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SALIH (CECIL HALL), ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civ. Act. No. 08-27-SLR |
| ) | |
| PERRY PHELPS, et al., ) | |
| ) | |
| Respondents. ) | |

## ANSWER

Pursuant to the Rules Governing § 2254 Actions, 28 U.S.C. foll. § 2254, Respondents state the following in response to the petition for writ of habeas corpus:

### Facts

On April 14, 2005, Hall broke a glass door of the Joseph A. Bank men's clothing store in Greenville. [No. 649, 2006, App'x to op. br. C, p. 16]. After breaking the glass, Hall entered the store and stole approximately two dozen leather coats. *Id*. On May 10, 2005, Hall again smashed his way into the same Joseph A. Bank store, this time stealing numerous men's suits. [No. 649, 2006, App'x to op. br. C, p. 17].

### Procedural History[1]

On July 25, 2005, the New Castle County grand jury indicted Cecil L. Hall on two counts of burglary in the third degree (11 *Del. C.* § 824), two counts of felony theft (11 *Del. C.* § 841), three counts of criminal mischief (11 *Del. C.* § 811), one count of attempted burglary in the third degree (11 *Del. C.* §§ 531 and 824), and one count of attempted felony theft (11 *Del. C.* §§ 531 and 841) and a warrant was issued for his

---

[1] The "D.I. __" references in this section are to the Superior Court Criminal Docket in *State v. Hall*, ID No. 0506014139.

arrest. (D.I. 1). On January 5, 2006, Capitol Police arrested Hall, aka "Salih." (D.I. 8). On August 8, 2006, Hall pled guilty to two counts of burglary in the third degree, in exchange for which the prosecution dismissed the balance of the indictment. (D.I. 16). On November 27, 2006, Hall, *pro se*, moved for dismissal of the indictment on the basis of double jeopardy. (D.I. 22). On November 29, 2006, the State moved to declare Hall a habitual offender. (D.I. 23). On November 30, 2006, Superior Court declined to consider Hall's double jeopardy motion on the basis that he was represented by counsel. (D.I. 41). On December 1, 2006, Superior Court declared Hall a habitual offender and sentenced Hall to 10 years at level V on one count of burglary (Crim. Act. No. IN05-07-1591), and to 2 years at level V, suspended for 2 years at level IV, suspended in turn after 6 months for level III probation on the other burglary count. (D.I. 25).

Hall filed a timely notice of appeal. On February 27, 2007, Superior Court held an evidentiary hearing at which the court determined that Hall had knowingly chosen to dismiss counsel and represent himself on appeal. (D.I. 55, 57). On October 30, 2007, the Delaware Supreme Court affirmed Hall's convictions and sentence. *Hall v. State*, 2007 WL 3170467 (Del.). Hall moved for reargument, which the Delaware Supreme Court denied on November 15, 2007.

On February 7, 2008, Hall filed a motion for post-conviction relief. (D.I. 69). On March 6, 2008, Hall's former counsel filed an affidavit in response to Hall's allegations of ineffective assistance. (D.I. 78). On March 20, 2008, Superior Court denied Hall's motion for post-conviction relief. (D.I. 82).

Argument

In his petition, Hall has alleged four grounds for relief: (1) that he was deprived of due process because the Delaware Supreme Court failed to decide two issues that he raised on appeal; (2) that his Delaware sentence violated the prohibition against Double Jeopardy because of a guilty plea and sentence in Pennsylvania to related crimes; (3) that his Pennsylvania sentence constituted *res judicata* and was entitled to Full Faith and Credit in Delaware, thus prohibiting his habitual offender sentence; and (4) the Delaware habitual offender statute is unconstitutional because it creates a presumption of incorrigibility. A state prisoner seeking federal habeas relief must first exhaust remedies available in the state courts. 28 U.S.C. § 2254(b); *Castille v. Peoples*, 489 U.S. 346, 351 (1989). In order to demonstrate that a claim has been "exhausted" in state court, a petitioner must show that he presented each claim to the Delaware Supreme Court. *Bailey v. Snyder,* 855 F.Supp. 1392, 1399 (D. Del. 1993). The habeas petitioner must afford each state court level a fair opportunity to address his claims. *Doctor v. Walters,* 96 F.3d 675, 678 (3d Cir. 1993). Liberally reading Hall's claims, it appears that he has presented all claims but the first to the Delaware Supreme Court, and thus he has exhausted his state remedies. *See Rose v. Lundy*, 455 U.S. 509 (1982); *Smith v. Digmon*, 434 U.S. 332 (1978). After finding that a petitioner has exhausted state remedies, however, this Court "must then assure itself that a habeas petitioner has complied with relevant state procedural requirements before it can delve into the claim of constitutional error in a state conviction." *Bond v. Fulcomer*, 864 F.2d 306, 310 (3d Cir. 1989).

1. Hall's first claim must fail under 28 U.S.C. § 2254(a) as he has not alleged that he is in custody in violation of the Constitution or laws of the United States, but rather

has alleged that the Delaware Supreme Court violated his right to due process in its handling of his direct appeal.  A petitioner seeking federal habeas relief may only challenge the fact or duration of confinement.  Although Hall indirectly challenges the duration of his confinement, his first claim of error relates only to the manner in which the Delaware Supreme Court disposed of his claims on direct appeal.  Hall's claim does not state a proper basis for federal habeas relief.  "It is the original trial that is the 'main event' for habeas purposes."  *Lambert v. Blackwell*, 387 F.3d 210, 247 (3d Cir. 2004); *see also Abu-Jamal v. Horn*, 520 F.3d 272, 297 (3d Cir. 2008).  To the extent that Hall argues that the Delaware Supreme Court did not consider a claim that he properly raised, such point may be relevant to the deference that this Court provides to the decision of the Delaware Supreme Court, but it does not create an independently cognizable claim under federal habeas review.  *Lambert*, at 247.  Because under *Lambert*, Hall's first claim is not cognizable under section 2254, he is not required to exhaust state remedies as to that claim.  *Tillett v. Freeman*, 368 F.2d 106 (3d Cir. 1989).  Hall's first claim should be dismissed.

    2.  The Delaware Supreme Court held that Hall's voluntary guilty plea constituted a waiver of his double jeopardy claim.  The Delaware Supreme Court went on to conclude that Hall's double jeopardy claim was meritless in any event.  The Delaware Supreme Court's disposition of this claim amounted to a reasonable application of clearly established federal law for purposes of section 2254(d)(1).  Under 28 U.S.C. § 2254(d), a federal court can only issue a writ of habeas corpus if the state court decision being challenged was contrary to, or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States."  28 U.S.C. §

2254(d)(1).  "Contrary to … clearly established federal law" means "diametrically different," "opposite in character or nature," or "mutually opposed."  *Williams v. Taylor*, 529 U.S. 362, 405 (2000).  "Moreover, the state court judgment must not merely be contrary to law as articulated by any federal court.  It must contradict 'clearly established' decisions of the United States Supreme Court alone."  *Fischetti v. Johnson*, 384 F.3d 140, 147 (3d Cir. 2004).  "An unreasonable application of Supreme Court precedent occurs when a state court applies the correct rule to specific facts in an objectively unreasonable way."  *Id*. at 148.  "Touchstone precedents are not to be examined by looking to broad pronouncements or generative principles in [Supreme Court precedent]."  *Id*.

In considering Hall's argument on direct appeal, the Delaware Supreme Court held that Hall waived his double jeopardy claim.  The Delaware Supreme Court did so because a voluntary guilty plea constitutes a waiver of any alleged errors occurring prior to the entry of the plea.  *Hall*, 2007 WL 31704670, *1.  It is well-settled that a defendant's properly counseled and entered guilty plea waives several federal constitutional rights, including the right to raise a double jeopardy defense.  *See United States v. Mezzanatto*, 513 U.S. 196, 201 (1995), citing *Rickets v. Arizona*, 483 U.S. 1, 11 (1987); *United States v. Broce*, 488 U.S. 563, 576 (1989) (knowing and voluntary guilty pleas to facially distinct indictments forecloses double jeopardy challenge).  The Delaware Supreme Court's determination that Hall's voluntary guilty plea resulted in a waiver of his double jeopardy claim was neither contrary to, nor an unreasonable application of clearly settled federal law.  *See* 28 U.S.C. 2254(d)(1).

5

In addition to holding that Hall had waived this claim of error by pleading guilty, the Delaware Supreme Court found that Hall's double jeopardy claim was meritless. The Delaware Supreme Court found that "because Hall was not charged with or convicted of Delaware burglaries in Pennsylvania, and was not subject to criminal punishment for Delaware burglaries in Pennsylvania, double jeopardy is not implicated." *Hall*, 2007 WL 31704670, *1. The Delaware Supreme Court cited *Green v. United States*, 355 U.S. 184, 187-88 (1957) in reaching its decision. When Hall was charged with burglaries of Jospeh A. Bank stores in Pennsylvania, those charges never placed him in jeopardy for the crimes that he committed in Delaware. But, Hall's claim stems from the restitution order that was entered for his Pennsylvania conviction.

Here, the money that the Pennsylvania court ordered Hall to pay to the corporate entity Joseph A. Bank was designed to compensate that business for its loss of merchandise and the destruction of its property in both states. Significantly, the Delaware Superior Court did not require that Hall pay any restitution to his victim, and Hall has not suggested that he has been required to pay for the same stolen merchandise or damaged property twice. While a fine is punitive in nature, and therefore can implicate double jeopardy protections, restitution is remedial. The restitution order from Hall's Pennsylvania burglaries was not punishment, and that order did not preclude Delaware from prosecuting Hall for crimes committed in Delaware. *See Rex Trailer Co. v. United States*, 350 U.S. 148, 149-51 (1956) (defendant pled no contest to five counts of an indictment and was fined $25,000; defendant later ordered to pay liquidated damages of $2,000 for violation of Surplus Property Act; liquidated damages of $2,000 were in the nature of civil remedy, not punishment, and therefore did not implicate double jeopardy).

6

Thus, the Delaware Supreme Court's alternative finding that Hall's double jeopardy claim was without merit was not an unreasonable application of clearly established federal law. Hall's second claim should thus be denied.

      3. Hall's third claim, that the Pennsylvania sentence should be considered *res judicata* and entitled to full faith and credit by Delaware courts, is not a separate and distinct claim from his double jeopardy claim, and therefore should be denied for the same reasons set forth above. In his opening brief in the Delaware Supreme Court on appeal from his conviction and sentence, Hall made the same "full faith and credit" argument as part of his double jeopardy argument that he now attempts to sever in this petition for writ of habeas corpus. *See Appellant's Op. Brf. No. 649, 2006*, at 10, 17. Therefore, this Court should consider Hall's third claim as part of his second, and deny it for the reasons set forth regarding the Delaware Supreme Court reasonable application of clearly established Supreme Court precedent to Hall's double jeopardy claim. Hall's third claim should thus be denied.

      4. Hall raised his fourth claim, that his habitual offender sentence amounted to cruel and unusual punishment because it established a presumption of incorrigibility, on direct appeal to the Delaware Supreme Court. The claim is therefore exhausted. The Delaware Supreme Court found that during his plea colloquy, "Hall acknowledged that he qualified as a habitual offender and that Superior Court could sentence him to two separate life sentences as a result." *Hall*, 2007 WL 31704670, *2. The Delaware Supreme Court held that "Considering Delaware's legitimate public policy in punishing and deterring habitual offenders, the sentencing judge's discretion to sentence within the statutory range, and Hall's actual sentence relative to the maximum sentence available

under the statute, we do not find that Hall's sentence raises an inference of disproportionality." *Id*.  Hall cannot demonstrate that the Delaware Supreme Court's decision amounted to an unreasonable application of clearly established federal law.

In reaching its decision, the Delaware Supreme Court cited *Crosby v. State*, 824 A.2d 894, 908 (Del. 2003), which in turn, cited the decision of the United States Supreme Court in *Ewing v. California*, 538 U.S. 11, 25 (2003) ("When the California Legislature enacted the three strikes law, it made a judgment that protecting the public safety requires incapacitating criminals who have already been convicted of at least one serious or violent crime. Nothing in the Eighth Amendment prohibits California from making that choice.").  Contrary to Hall's contention that a legislative presumption of incorrigibility is unconstitutional, the United States Supreme Court has upheld that very principle.  "[A habitual offender life sentence] is a long one. But it reflects a rational legislative judgment, entitled to deference, that offenders who have committed serious or violent felonies and who continue to commit felonies must be incapacitated. The State of California 'was entitled to place upon [Ewing] the onus of one who is simply unable to bring his conduct within the social norms prescribed by the criminal law of the State.'" *Ewing*, 538 U.S. at 30, quoting *Rummel v. Estelle*, 445 U.S. 263, 284 (1980).

Hall argues that the decision of the Delaware Supreme Court on his habitual offender sentence claim runs counter to the decision of the United States Supreme Court in *Apprendi v. New Jersey*, 530 U.S. 466 (2000).  Hall's argument ignores both the Supreme Court subsequent decision in *Ewing*, and very text of *Apprendi*.  "**Other than the fact of a prior conviction**, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a

8

reasonable doubt." *Apprendi*, 530 U.S. at 490. (emphasis added). The Delaware Supreme Court held that the Superior Court considered, but rejected, Hall's substance abuse mitigation argument that he presented at sentencing, and that Superior Court acted within its discretion in rejecting those arguments. *Hall*, 2007 WL 31704670, *2. The decision of the Delaware Supreme Court finding that Hall's sentence did not constitute cruel and unusual punishment was not an unreasonable application of clearly established United States Supreme Court precedent. Hall's fourth claim should thus be denied.

## Conclusion

Based on a review of the Superior Court docket, it appears that the following transcripts have been prepared: August 8, 2006--guilty plea colloquy; and December 1, 2006--sentencing. In the event that the Court deems production of these transcripts necessary, Respondents anticipate that production of such transcripts would require 90 days from the date an order by this Court. For the foregoing reasons, the petition for a writ of habeas corpus should be dismissed without further proceedings.

STATE OF DELAWARE
DEPARTMENT OF JUSTICE

/s/ Gregory E. Smith
Gregory E. Smith, I.D. No. 3869
Deputy Attorney General
820 North French Street, 7th Floor
Carvel State Building
Wilmington, Delaware  19801
(302) 577-8398

Dated: May 20, 2008

## CERTIFICATION OF SERVICE

The undersigned certifies that on May 20, 2008, he electronically filed the attached *Answer* with the Clerk of Court using CM/ECF. The undersigned further certifies that on May 20, 2008 that he mailed by United States Postal Service the document(s) to the following non-registered participant:

Cecil L. Hall, a.k.a. Salih
SBI No. 104141
1181 Paddock Road
Delaware Correctional Center
Smyrna, Delaware 19977

    STATE OF DELAWARE
    DEPARTMENT OF JUSTICE

    /s/ Gregory E. Smith
    Gregory E. Smith, ID # 3869
    Deputy Attorney General
    820 North French Street, 7th Floor
    Carvel State Building
    Wilmington, Delaware 19801
    (302) 577-8398