IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Salih (Cecil Hall),<br>    Petitioner, | )<br>)<br>) |
| Vs. | ) Civ. Act. No. 08-27-SLR |
| Perry Phelps, et. Al.,<br>    Respondents. | )<br>)<br>) |

FILED
JUN - 2 2008
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

**PETITONER'S REPLY TO RESPONDENTS ANSWER TO PETITION FOR WRIT OF HABEAS CORPUS**

Pursuant to the Rules governing section 2254 applications, petitioner replies to respondent's answer to his petition for a writ of habeas corpus:

1. Petitioner asserts that the facts in this case are in dispute as he has alleged facts that go to a psychiatric condition which was the result of side effects of prescribed medication (Interferon prescribed for treatment of Hepatitis C Virus), and the consequences of his resulting neuro-psychiatric episode as it relates to a factual finding of incorrigibility.  Petitioner has asserted incorrigibility as the legislatively intended evil to be punished by habitual criminal statutes in Delaware (See Hall v. State, Del. Supr., 475 A.2d 352 (1984), and that although prior conviction may trigger the inquiry of whether petitioner was incorrigible in the commission of his offenses, and that the statute may even authorize a rebuttable presumption of incorrigibility through evidence of prior conviction, that to eliminate the inquiry as to petitioner's incorrigibility on the lesser proof of prior conviction alone establishes an unconstitutional conclusive presumption of incorrigibility in violation of both procedural and substantive due process.  Consequently, the main staple of petitioner's challenge to his sentencing as a habitual offender is

established, in conjunction with other claims before this court which are still asserted. Petitioner asserts an evidentiary hearing is procedurally required to adequately develop the record on this core issue, and seeks this court's discretion in ordering an evidentiary hearing.

2. However, petitioner asserts that he is not an attorney, and reasons that based on the current legal environment, that he is not competent to engage in a contest of law where his standing has been relegated by the passage of the Prison Litigation Reform Act, and the Effective Death Penalty Act of 1996, through a culture and attitude in the criminal justice system that views all prison litigation as frivolous and malicious, and as a matter of policy, seeks to procedurally bar his claims, and limit the presentation of his arguments, while rubber stamping those of the state without regard to blatant procedural irregularities, lack of veracity, or consideration of justice or fair dealing on the part of the state. Therefore, petitioner asserts the recent United States Supreme Court ruling in <u>Erickson v. Pardus</u>, 127 S.Ct. 2197 (2007), which reaffirmed the proposition that pro se litigants be held to a lesser standard then that of a lawyer, and that the court exercise equity in construing the pleadings and documents filed by him in these proceedings.

3. By way of reply to the state's answer to the petition filed herein, all arguments presented by respondent are denied, and petitioner reasserts his arguments originally presented.

4. Petitioner has never denied guilt or liability for his crimes. It is the petitioner's fundamental position that the Delaware habitual offender statutes is

unconstitutional in that it creates a conclusive presumption of incorrigibility, and is constitutionally vague as it fails to provide the right to be tried on the fact of incorrigibility, the legislatively intended mental state that was framed as the object of his declaration.

5. Petitioner's challenge to the Delaware procedure is based on the legal premise that "incorrigibility," which forms the basis of "habitual criminal status," can not be constitutionally established in prior conviction alone, and the fact that the statute establishes a legislatively created status of incorrigibility distinguishes the statute from a mere enhancement statute, and that the facts of this case are precisely the reason that such a status of incorrigibility must not be permitted simply on the basis on prior conviction alone, which such prior conviction itself is the result of untreated chemical dependency, now a recognized organic mental disorder. The facts as alleged by petitioner, and as established in the record foreclose a finding of incorrigibility. Particularly in the absence of contrary psychiatric evidence which would establish that petitioner's new offense triggering the declaration were the result of neuro-psychiatric side effects of prescribed medication well established and recognized in the scientific community.

6. The facts are that petitioner is a recovering addict, having only received treatment for his addiction after many convictions and prison terms, subsequently finding recovery after finally obtaining treatment through the system, and demonstrating unprecedented reintegration, growth and advancement in the community. During petitioner's recovery, he returned to school, graduated with honors through

bachelor and masters programs, and was enrolled in a doctoral program, when as the result of prescribed medication, petitioner suffered a chemically induced relapsed into active addiction, delusions and mood disorder, resulting in the offenses for which he is convicted. This psychiatric evidence remains uncontradicted in the record, included in the consequential findings of the pre-sentence report of the Office of the Pre-Sentence Investigation Office of the New Castle County Superior Court, and negates a finding of incorrigibility. Thus, petitioner argues that such a finding on the lesser proof of prior conviction, such prior convictions being the result of untreated chemical dependency, amounts to an unconstitutional conclusive presumption that gives no place to whether incorrigibility existed in fact. Therefore, for the reasons set forth in many documents already filed, the petitioner has challenged the constitutionality of the habitual criminal procedure in Delaware, and has presented that incorrigibility has not been found in this record. Although petitioner entered a guilty plea stipulating that he had the requisite number of prior convictions to be eligible for sentencing as a habitual criminal, his plea was limited to acknowledgment of eligibility in regard to the issue or prior conviction. However, petitioner continued throughout the proceeding to assert the impact of the side effects of medication, and therefore did not waive his right to challenge a finding of incorrigibility. In fact, he has clearly argued that the psychiatric evidence in the record negates such a finding, and has challenged the constitutionality of habitual criminal procedure in failing to provide for proof against a presumption of incorrigibility on the lesser fact of prior conviction alone. 11 Del. C., subsection 4215(b) provides that the court can

only declare the status upon finding that a defendant falls within the statute after the opportunity to be heard which implies at6 least a rebuttable presumption. See Key v. State, Del. Supr., 463 A2d 633 (1983) (Delaware Supreme Court has found the right to be heard and to present evidence)

7. Petitioner has presented his application for habeas corpus relief, and now recognizes that it is not his arguments that will prevail in this matter, but that this proceeding will be determined by whether this court has the will to review this case with an eye to do justice, utilizing its' inherent equitable authority. Thus, petitioner moves this court to consider the circumstances of this case to determine whether the facts establish incorrigibility, or only that petitioner, a recovering addict, fell short due to the powerful side effects of Interferon, a drug prescribed to treat his chronic Hepatitis C Virus, and whether as the consequence of the circumstances regarding his condition, his declaration as being incorrigible is predicated upon constitutional principles set forth in the 8th, 6th, 5th and 14th amendments as challenged. See Apprendi v. New Jersey, 120 S.Ct. 2348 (2000).

8. Lastly, the petitioner suffers from Hepatitis C Virus, which was the reason he was initially prescribed Interferon which resulted in the side effects including the criminal behavior constituting the offense in this case. It should also be noted that the petitioner has already served two thirds of the maximum sentence imposable for his offense of Third Degree Burglary which is 3 years.

9. In addition to the neuro-psychiatric side effects of Interferon which was the triggering cause of relapse, delusions and mood disorder argued by petitioner to off set a finding of incorrigibility, it has been determined by the medical staff at

the George W. Will Correctional Facility, the first place of his confinement following the psychiatric episode, that petitioner can not tolerate Interferon as a treatment for his chronic illness for other reasons. Petitioner had to discontinue taking Interferon because the drug caused a plummeting of White Blood Cells and Platelets causing him to be susceptible to serious infections and other serious health complications and risks. Consequently, petitioner's chronic medical condition is progressively worsening, and there is no treatment available to him while incarcerated because of his allergic reaction to Interferon. Therefore, petitioner's sentence forcing him to be systemically denied treatment for his chronic conditions. New protease inhibitor drugs are in experimental trial stages, and prison official are prohibited by Federal regulation to offer petitioner any available alternative treatment. See 45 CFR Section 46.304. Consequently, petitioners' 10 year term under habitual criminal statutes is tantamount to a sentence of death, or otherwise will lead to irreparable damage to his liver due to untreated chronic disease. This is a fact that petitioner requests the court to consider in its inherent equitable authority. Petitioner has sought through discovery, and through subpoena his medical records proving the facts presented herein, and to enter them in the record.

WHEREFORE, Petitioner places his claim bare, and squarely before the court with prayer that justice be administered through this court's exercise of it's inherent equitable authority and that the declaration of habitual criminal status in this case be stricken as having been based on an unconstitutional conclusive

presumption requiring petitioner to be sentenced within the statutory maximum in light of the sentence enforcing deliberate indifference to serious medical needs.

Dated: 5-2f-cf

Salih Hall
SBI # 104141
Delaware Correctional Center
1181 Paddock Road
Smyrna, Delaware 19977

## Certificate of Service

I, __SALIh HAll__, hereby certify that I have served a true And correct cop(ies) of the attached: __Petitioner's Reply to Respondents' Answer to Petition for writ of HAb Corp__ upon the following parties/person (s):

TO: __Gregory E. Smith, Esq,__
__Department of Justice__
__820 N. French St.__
__Wilmington, DE__

TO: _____

TO: _____

TO: _____

BY PLACING SAME IN A SEALED ENVELOPE, and depositing same in the United States Mail at the Delaware Correctional Center, Smyrna, DE 19977.

On this __28th__ day of __MAY__, 200__



Clerk of Court
United States District Court
844 King Street
Wilmington DE
19801

I/M Salih Hall
SBI# 164141  UNIT W-1
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE  19977