## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| Salih (Cecil Hall),<br>    Petitioner, | )<br>)<br>)<br>) |
| Vs. | )    Civ. Act. No. 08-27 SLR |
| | ) |
| Perry Phelps, et. Al.,<br>    Respondents. | )<br>) |

### PETITIONER'S REQUEST TO SUPPLEMENT THE RECORD

Pursuant to the court's order, dated, April 7, 2008, directing service of the petition for habeas corpus, the respondent's response to the petition, and the additional requirement for copies of any Rule 61 Affidavits filed by petitioner's trial counsel in response to allegations of ineffective assistance of counsel raised in post conviction proceeding, petitioner now moves the court to permit expansion of the record pursuant to Federal Habeas Corpus Rule 7(a), to include the following:

1. Petitioner moves the court to permit expansion of the record to include the attached "Appellant's Opening Brief," filed in the appeal of the State Rule 61 proceedings in which the affidavit of counsel entered in this record sets forth arguments against the position of the affidavit. The attached opening brief is pending before the Delaware Supreme Court and includes petitioner's reply to the said affidavit of counsel in his response to claims of ineffective counsel, and is therefore relevant in that it is the reply of the petitioner to the affidavit. Therefore, petitioner presents the same for inclusion in the record of these habeas corpus proceedings as a rebuttal to counsel's remarks.

FILED

JUN 1 0 2008

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

**WHEREFORE**, Petitioner moves the court to permit the expansion of the record

in this case as requested herein.

Dated: 6 - 4 - 08

Salih (Cecil Hall)
SBI # 104141
Delaware Correctional Center
1181 Paddock Road
Smyrna, De 19977

**Certificate of Service**

I, Salih, hereby certify that I have served a true and correct copy of the

attached Petitioner's Request to Supplement the Record upon the following

parties:

> Gregory E. Smith, Esquire
> Deputy Attorney General
> Department of Justice
> 820 N. French Street
> Wilmington, De 19801

By placing the same in the United States mail, at the Delaware

Correctional Center, addressed as above, and mailing the same with postage

prepaid, this _4TH_ day of _June_____, 2008.

> Salih (Cecil Hall)
> SBI # 104141
> Delaware Correctional Center
> 1181 Paddock Road
> Smyrna, De 19977

I/M SALih HALL

SBI# 109191 UNIT 3-1

DELAWARE CORRECTIONAL CENTER

1181 PADDOCK ROAD

SMYRNA, DELAWARE 19977



Clerk of Court

United States District Court

844 King Street

Wilmington DE

19801

## IN THE SUPREME COURT OF THE STATE OF DELAWARE

Salih (Cecil Hall/ Salih Hall),    )
    )
    Defendant Below,    )
    Appellant,    )
    )
    v.    )    No. ___, 2008
    )
State of Delaware,    )
    )
    Plaintiff Below,    )
    Appellee    )

### ON APPEAL FROM THE SUPERIOR COURT
### OF THE STATE OF DELAWARE
### IN AND FOR NEW CASTLE COUNTY

---

### APPELLANT'S OPENING BRIEF

---

Dated: 5 - 19 - 08

_____

Salih Hall,
SBI# 104141
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977



RECEIVE

JUN 10 2008

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

## TABLE OF CONTENTS

**PAGE**

Table of Citations………………………………………………………………….   1

Nature of Proceedings…………………………………………………………..   2

Summary of Argument……………………………………………………………   3

State of Facts…………………………………………………………………   4

Argument I………………………………………………………………………..   6

Argument II……………………………………………………………………….  18

Conclusion………………………………………………………………………..  21

# TABLE OF CITATIONS

**Cases**                                                                                              **Page**

Sheldon v. State, 291 A.2d 273 (Del. 1972)……………………………………..    6

Commonwealth v. Brode, 523 Pa. 20, 564 A.2d 1254 (1989)…………………    8

Commonwealth v. Kuhn, 327 Pa. Super. 32, 475 A.2d 103 (1984)……………    8

Polk v. State, Del. Supr., 1989, 567 A.2d 1290………………………………..    12

Strickland v. Washington, 446 US 668 (1984)………………………………….    13

State v. Desmond, 1995 WL 717628, at *2 (Nov. 16, 1995)…………………    14

Albury v. State, 551 A.2d 53 (Del. 1988)……………………………………    14

Smith v. Robbins, 528 US 259 (2000)…………………………………………    14

Hill v. Lockhart, 474 US 52 (1985)……………………………………………    15

Downer v. State, 543 A.2d 309 (Del. 1988)…………………………………    18

Horne v. State, 2005 WL 194967, *2…………………………………………    17

Backus v. State, No. 59, 2005…………………………………………………    17

Morla v. State, No._____, 2007……………………………………..    17

Hall v. State, No. 649, 2006, 937 A.2d 139 (2007)…………………………    17

Picard v. Conner, 404 US 270 (1971)…………………………………….    19

Anderson v. Harless, 459 US 4 (1982)………………………………………    19

Smith v. Digmon, 434 US 332 (1978)…………………………………..    19

Swanger v. Zimmerman, 750 F.2d 291 (3rd Cir. 1984)…………………    19

Superior Court Criminal Rule 61……………………………………….    6 thru

11 Del. C., subsection 423………………………………………..    6 thru

11 Del. C., subsection 303………………………………………    6 thru

18 Pa.C.S.A., Section 308……………………………………….    7 thru

## NATURE OF PROCEEDINGS

This is appellant's opening brief on appeal from the order/ opinion of the Superior Court, the honorable Peggy L. Ableman, denying appellant's pursuant to Superior Court Criminal Rule 61. The Superior Court's order/ opinion denying post conviciton relief, was entered, march 20, 2008.

This is the appellant's first application and proceeding for post conviction relief pursuant to Superior Court Criminal Rule 61.

## SUMMARY OF ARGUMENT

I.    SUPERIOR COURT COMMITTED PLAIN ERROR AND ABUSE OF
      DISCRETION WHEN IT MISAPPLIED THE CONTROLLING LEGAL
      PRINCIPLES OF LAW AND FACT IN DECIDING APPELLANT'S
      CLAIM OF INEFFECTIVE ASSISTANCE OF COUNSEL.

II.   THE SUPERIOR COURT COMMITTED ERROR WHEN IT FOUND
      THAT APPELLANT HAD NOT RAISED HIS RES JUDICATA ISSUE
      AND CONSTITUTIONAL CHALLENGE TO THE HABITUAL
      STATUTES BEFORE THE DELAWARE SUPREME COURT ON DIRECT
      APPEAL, AND ABUSE IT'S DISCRETION WHEN IT FOUND THAT THE
      ISSUES WERE PROCEDURALLY BARRED.

## STATEMENT OF FACTS

After direct appeal to this court, decided, October 30, 2007, Hall v. State, No. 649, 2006, appellant filed a motion for post conviction relief pursuant to Superior Court Criminal Rule 61. Appellant has raised six (6) claims for relief: (1) that counsel was ineffective for failing to investigate the defense of involuntary intoxication resulting from psychiatric evidence that appellant's relapse into active addiction, and charged criminal behavior, which is asserted to be a recognized aspect of his addiciton pattern, were the result of the known neuro-psychiatric side effects of prescribed medication, specifically Interferon and narcotic pain medication; (2) counsel was ineffective for failing to object to his indictment on the basis that the indictment was returned charging Cecil Hall with the offenses, and the apppelant's name had been legally changed by order of the Court of common Pleas, to Salih, and that this should have vitiated the indictment because it forced appellant to respond to a religiously offensive name, and because Cecil Hall is not appellant's legal alias; (3) that counsel was ineffective for his failure to challenge habitual offender statutes as unconstitutional on the basis that current practices establish an unconstitutional conclusive presumption of incorrigibility, incorrigibility being the legislatively intended object to be punished by the Act; (4) that counsel was ineffective for failing to challenge habitual offender statutes 11 Del. C., subsection 4214(a) and 4215(b), as violating the principle laid down in Apprendi v. New Jersey, 120 S.Ct 2348 (2000), in that incorribility is a fact that must be proven beyond a reasonable doubt before a jury; (5) that counsel was ineffective for his failure to assert the res judicata effect of his Pennsylvania sentence which arose out ofa multi-jurisdictional investigation of the offenses, and the Pennsylvania court had previously entered a judgment that appellant's criminal conduct were the result of side effects of prescribed medication, negating an inconsistent finding of incorrigibility; and (6) that all of the Assistant Public Defender's, including counsel in this case, failures and ineffectiveness are the result of the Public Defender's Office operating under substandard staffing conditions wherea the office is 61 attorneys and 41 suppport staff below American Bar Association Standards.

Appellant's motion for post conviciton relief was denied by order of the the Superior Court, dated,

4

march 20, 2008, with out first allowing the appellant to admit or deny counsel's response the claims pursuant to the requirement of Superior Court Criminal Rule 61(g)(3).

This is appellant's opening brief on appeal raising issues of legal error, mistaken fact, and abuse of discretion by the Superior Court.

## Standard and Scope of Review

The standard and scope of review of this appeal is whether the Superior Court committed abuse of discretion in reaching the merits of appellant's motion for post conviction relief.  Sheldon v. State, 291 A.2d 273 (Del. 1972)

## ARGUMENT I

## SUPERIOR COURT ABUSED ITS DISCRETION WHEN IT MISAPPLIED CONTROLLING PRINCIPLES OF LAW AND FACT IN DECIDING APPELLANT'S CLAIM O INEFFECTIVE ASSISTANCE OF COUNSEL.

Appellant has appealed the order of the Superior Court, Peggy L. Ableman, Judge, denying his request for post conviction relief pursuant to Superior Court Criminal Rule 61.

Appellant raised Six (6) specific claims of ineffective assistance of counsel. Appellant will address these claims as follows.

### Failure to Investigate the Defense of Involuntary Intoxication

In addressing the appellant's claim of ineffective counsel pertaining to counsels' failure to properly investigate a potential defense of involuntary intoxication pursuant to 11 Del. C., subsection 423, the court referred to the affidavit of counsel.  Specifically, the Superior Court recites the affidavit of counsel which specifically alleges that counsel discussed the strengths and weakness of appellant's case with him, including the report of Dr. Stephen Mechanick.  Both counsel and the court concluded that the defense of involuntary intoxication pursuant to 11 Del. C., subsection 423 where not applicable in this case, primarily because Dr. Mechanick's report explicitly ruled out that possibility.

6

However, appellant argues herein that both counsel's and the court's surface look at the claim suffers upon closer scrutiny, and had counsel, or the court for that matter, invested any degree of due diligence in investigating and researching the law in this regard it would have been determined that Dr. Mechanick's ruling out involuntary intoxication was limited to a defense under Pennsylvania law, and did not apply in the State of Delaware, as the statutes as substantially different.

Had counsel properly investigated the psychiatric evidence in hand, and might it be added the only legal defense available, and the applicable law, he would have recognized the clear distinction between involuntary intoxication as a defense against criminal liability in the States of Pennsylvania and Delaware. Consequently, had counsel conducted even the most rudimentary investigation and research, he would have seen that Dr. Mechanick's exclusion of involuntary intoxication as a viable defense was relative to Pennsylvania law only, and that the findings of the report were ideal for a defense under Delaware's law. A review of the report, understanding the context that it was written in a Pennsylvania court proceeding, and independent review of Delaware's involuntary intoxication defense would have lead counsel to an entirely different perception of the viability of the defense as the report of Dr. Mechanick almost expressly fits into 11 Del. C., subsection 423 like a glove.

A brief review of both States' statutory schemes must be undertaken to establish the clear distinction, counsels' failure, and the Superior Court's misunderstanding of the law.

Pursuant to 18 Pa.C.S.A., Section 308, Pennsylvania law provides for the defense "Intoxication or Drugged Condition." This statute provides in pertinent part as follows:

7

> "Neither voluntary intoxication nor drugged condition is a defense
> to a criminal charge, nor may evidence of such condition be
> introduced to negative the element of intent of the offense, except
> that evidence of such intoxication or drugged condition of the
> defendant may be offered by the defendant whenever it is relevant
> to reduce murder from a higher degree to a lower degree of
> murder."

In the State of Pennsylvania the legislature has expressly limited the purpose for which intoxication evidence can be used, including involuntary intoxication. Such evidence is limited to mens rea elements of crime, and no distinction is made as to whether the intoxication is voluntary or involuntary. See Commonwealth v. Brode, 523 Pa. 20, 564 A.2d 1254 (1989); Commonwealth v. Kuhn, 327 Pa. Super. 32, 475 A.2d 103 (1984). Under the Pennsylvania statutory scheme the legislature has limited involuntary intoxication in the same manner it has in cases of all intoxication evidence or evidence of drugged condition. In Pennsylvania involuntary intoxication is not a codified defense in and of itself. Its' use as a defense is only implied from 18 Pa.C.S.A., Section 308. Whether involuntary or voluntary, intoxication is limited in Pennsylvania to proof of intent. This is why appellant could not avail himself of a involuntary intoxication defense in Pennsylvania. Appellant was not intoxicated in the traditional sense, meaning drunk or relieved of all his senses as to go to the mens rea. Dr. Mechanick's findings are consistent with this limiting effect of the Pennsylvania legislature in intended use of the defense, and therefore correctly ruled the use of the defense out as a clearly establish matter of Pennsylvania law. To be considered in a Pennsylvania court room. However,

the psychiatric findings of Dr. Mechanick would be quite different when reviewed under Delaware's version of the defense set forth at 11 Del. C., subsection 423.

This is where counsel failed to investigate or research to appellant's prejudice, and this is precisely why the deficiency of the Public Defender staff accommodations are specifically tied to appellant's claim of ineffectiveness. Counsel had a duty to investigate the only evidence available to the defense, and had counsel done so a valid defense pursuant to 11 Del. C., subsection 423 would have resulted in the appellant exercising his right to trial, or at the very least, would have provided some leverage in plea negotiations.

Delaware's criminal code provides for involuntary intoxication as a specific and codified defense to criminal liability with well defined features, and a much broader application then the Pennsylvania criminal code, and it is clearly a problem that a pro se appellant must point this fact out in the face of it being missed by both counsel and the Superior Court. 11 Del. C., subsection 423 provides in pertinent part as follows:

> "In any prosecution for an offense it is a defense that, as a result of intoxication which is not voluntary, the actor at the time of the conduct lacked substantial capacity to appreciate the wrongfulness of the conduct or to perform a material element of the offense, or lack sufficient willpower to choose whether the person would do the act or refrain from doing it."

Appellant submits that had counsel exercised any diligence in his duty to investigate or research the use of the psychiatric evidence in Dr. Mechanick's report, or researched the law, he would have found that Delaware's statute involving involuntary intoxication is much more comprehensive and that Dr. Mechanick's explicitly ruling out

9

the defense did not apply to Delaware law. To the contrary, the psychiatric findings were ideal for the use of 11 Del. C., subsection 423. Whereas, Pennsylvania's version of the involuntary intoxication defense is limited to means rear elements, Delaware's subsection 423 offers a complete defense to criminal liability. Specifically, the findings of Dr. Mechanick support the third basis of the defense in Delaware, namely, that appellant lacked sufficient will power to choose whether he would do the act or refrain from doing it. Dr. Mechanick's report specifically found that the side effects of Interferon caused appellant to lack substantial capacity to conform his conduct to the requirements of the law. Appellant submits that Dr. Mechanick's findings are essentially the third basis of the involuntary intoxication defense codified at 11 Del. C., subsection 423. Particularly when an aspect of the side effects of the medication chemically induced relapse into active addiction in the case of appellant who has been identified in previous court proceedings as having suffered intense addiction as it relates to his addiction pattern and burglary as the means of maintaining the dependency. Coupled with the mood disorder and delusions associated with appellant's neuro-psychiatric condition induced by side effects of the medication, involuntary intoxication as a defense was not only plausible, and likely sustainable, it was the only legitimate legal defense available to the defendant. To have this psychiatric evidence in his possession would appear to obligate counsel to investigate and research the issue beyond a mere and erroneous surface reading of the report. Any other finding raises the question of what is a realistic standard to which public Defender representation is Delaware must be held.

In this case counsel sought no defense, and only relied upon the psychiatric report as mitigating evidence at sentencing because of appellant's insistence.

10

Appellant argues that, considering the Public Defender's admitted staffing problems, that failures in this case the direct result of systemic problems with the office as it relates to attorneys operating under overwhelming caseloads, and that consequently, plea bargaining is used by counsel's office as unofficial means of case management. Review of statistics will reveal that because of ongoing problems with overwhelming case loads the Public Defenders approach almost every case from a posture of pleading guilty as a resolution of the matter in general. Preparation for trial or true adversarial testing is not the general policy or culture of the office, thus systemically depriving defendants of true adversarial testing envisioned by the 6th Amendment is the result. Particularly in this case, counsel had no defense or trial strategy, and could only recommend what ever plea conveyed by the State. It should also be pointed out that the Public Defender assigned to this case actually recommended a guilty plea that included an admission of habitual offender eligibility in the face of psychiatric evidence that appellant's conduct was the result of side effects of medication, and after evidence of significant recovery and progression in the community following treatment in the case of this defendant. It is difficult to see any form of adversarial testing in this result. No form of pretrial motions was filed, appellant was not recommended for further evaluation by psychiatric experts. In fact nothing was done that was not generated by the appellant. The record shows that counsel, as an unofficial policy of advising criminal defendants represented by his office to plea guilty simply worked to obtain the plea offered by the State in order to contend with the competing and conflicting objective of case management under the circumstances that the Public Defender's Office is 61 attorneys and 41 support staff below American Bar Association standards.

11

Appellant is not certain what magic words or phrase is required of him to invoke recognition of what is apparent, and that every member of the judiciary in Delaware is aware, that the Public Defender is operating under conditions that render the office ineffective in such a way that every lawyer and all cases are impacted, and this problem is so long term and systemic that it is now entrenched as a culture in the office. In this case, counsel did nothing outside of what occurred within the context of a court appearance, to investigate or research any plausible defense in this case, and disregarded out of hand psychiatric evidence in his possession pertaining to the side effects of the medication. Mentioned of the report was the result of it being significantly mentioned in the pre-sentence report, and not because of any effort on the part of counsel. Pardon the digression although it is substantially relevant.

Appellant relies upon the rationale of the this courts ruling in <u>Polk v. State</u>, Del. Supr., 1989, 567 A.2d 1290, to support the proposition that if there was a reasonable basis to raise the defense of involuntary intoxication in this case pursuant to 11 <u>Del. C.</u>, subsection 423, if there was sufficient evidence to support the defense pursuant to 11 <u>Del</u> <u>.C.</u>, subsection 303., and that appellant was entitled to raise the side effects of the complained of prescribed medication to establish that the psychiatric report presented credible evidence that appellant "lacked sufficient willpower to choose whether appellant would do the act or refrain from doing it." In other words, once the chemically induced relapsed occurred, along with the other associated psychiatric condition as the side effect of the medication, that the driving force of addiction as a brain disorder, which included appellant's burglary pattern as a part of his peculiar addiction pattern, sufficed to be introduced as a defense of involuntary intoxication. Unlike Polk himself, appellant's

introduction of the substances into his system can not be said to have been voluntary within the meaning of the statute. Thus, involuntary intoxication was a viable defense under Delaware's version of the Involuntary Intoxication defense pursuant to 11 <u>Del. C.</u>, subsection 423. The psychiatric report of Dr. Mechanick specifically found that appellant's disorder "caused him to lack substantial capacity to conform his conduct to the requirements of the law" which appellant asserts is exactly the type of situation that was intended for the defense when enacted by the Delaware General Assembly. Unlike Polk, appellant's relapse was the result of side effects of prescribed medication. Appellant submits that a finding that he lacked substantial capacity to conform his conduct to the requirements of the law is identical in meaning to the provision of 423 that require appellant o demonstrate he lacked sufficient willpower to choose whether the person would do the act or refrain from doing it. Following the rationale of the court in Polk, appellant would have been permitted to present the defense, and if it was an available defense, counsel had a duty seriously consider it, when no other valid defense existed. Appellant submit that the 6th Amendment entitles him to more then perfunctory, hand holding representation, which means that the pursuit of a defense that is available is preferred than the simply resolution of the matter by plea to simply satisfy counsel need of case management. It would appear that Appellant was at least entitled to some hearing on such an important issue rather then simply siding with counsel to preserve the status quo. Unless this is the depth to which the right to counsel has fell in this jurisdiction.

If evaluating appellant's claim of ineffective counsel under the two prong test of <u>Strickland v. Washington</u>, 446 US 668 (1984), appellant is entitled to relief. Also see <u>State v. Thompson</u>, _____ A.2d _____ (Super.Ct. April 15, 2003). Counsel had

13

psychiatric evidence that determined that appellant's charged criminal acts were the
result of side effects of prescribed medication, that not only resulted in relapse in to
active addiction to narcotics, but also producing delusions. Under an objective standard
of reasonableness counsel had a duty to investigate the viability of this evidence and
research its' potential application. Due to counsel's failure to properly evaluated the
evidence through research and investigation, counsel only performed a surface read of the
report, clearly failing to even understand the distinction between the law in Pennsylvania
and in Delaware as it relates to involuntary intoxication, and therefore never reviewed the
evidence as it related to Delaware law because of a statement taken out of context made
by the examining Doctor relevant to a Pennsylvania proceeding under Pennsylvanian law.
A review of Delaware's Involuntary Intoxication jurisprudence establishes a prima facia
showing that counsel feel below objective standard of reasonableness, particularly since
this evidence was appellant's only defense. Had counsel investigated and conducted the
necessary research the outcome of the case would have assuredly been different in that
the defense would have been raised, making it much more likely that appellant would
have gone to trial and not waived fundamental rights. See State v. Desmond, 1995 WL
717628, at *2 (Nov. 16, 1995), citing Albury v. State, 551 A.2d 53, 58 (Del. 1988)
(quoting Strickland, 466 US at 688, 694). At the very least the raising of the defense
would have created leverage in plea negotiations, which the defense obviously had none.

The United States Supreme Court has identified a narrow category of cases in
which prejudice is presumed. See Strickland, 466 US at 692; Cronic, 466 US 648, 658-
61 (1984); also see Smith v. Robbins, 528 US 259, 287 (2000). These Three (3)
categories of cases where prejudice is presumed are (1) denial of counsel; (2) various

14

kinds of state interference, and (3) where counsel is burdened by an actual conflict of interest. The presumption applies when there has been an actual or constructive denial of the assistance of counsel altogether. Similarly, if counsel "entirely fails to subject the prosecution's case to meaningful adversarial testing," the adversarial process itself becomes presumptively unreliable. Cronic, 466 US at 659. This is such a case. Counsel has failed to subject the prosecutor's case to adversarial testing, and has been reduced to the mere agent of the Department of Justice in enforcing its' plea agreements that are self serving of that office, having failed to protect any of appellant's interest.

For these reasons, counsel was ineffective for his failure to do more then a surface of the only evidence for any defense in his possession, and his failure to investigate and conduct research into the question of whether the psychiatric evidence supported a defense of involuntary intoxication pursuant to 11 Del. C., subsection 423. It is also evident that the culture of the Public Defender's Office is the direct result of inadequate staffing and overwhelming case loads. Consequently, counsel was laboring under a conflict in this existing between his need for case management and the 6th amendment rights of the appellant. Therefore, counsel's representation was mere handholding, and amounts to constructive denial of counsel. To hold otherwise is tantamount to finding that a criminal defendant in Delaware represented by the Public Defender is entitled to no form of adversarial testing and advocacy, but merely to assistance in surmounting the legal obstacles to enter a guilty plea offer by the State at its whelm, which amounts to the waiving of fundamental rights by the defendant. Had counsel observed his duty, the appellant would not have pleaded guilty but proceeded to trial. See Hill v. Lockhart, 474 US 52, 59 (1985).

15

Consequently, appellant has been subjected to specific prejudice due to counsel's failure, as he was advised to plead guilty, including an admission of habitual criminal eligibility, and deprived a valid defense against criminal liability in the face of psychiatric evidence that his crimes were the result of side effects of prescribed medication.

## The Superior Court Failed to Observe the Procedural Rights of Appellant Pursuant to Superior Court Criminal Rule 61(g)(3)

Finally, the Superior Court also committed error and abuse it is discretion when it found that Dr. Mechanick explicitly ruled out involuntary intoxication for the very same reasons as counsel is herein argued was ineffective for so failing to research the law. However, the Superior Court has also committed procedural error, depriving the appellant of procedural due process in that the court failed to extend appellant the procedural rights established by Rule 61(g)(3).

Pursuant to Superior Court Criminal Rule 61(g)(3), once the court directed counsel to respond to the allegations of ineffective assistance of counsel, and counsel so responded, appellant was entitled to reply to counsel's affidavit. Rule 61(g)(3) provides in pertinent part as follows:

> (3). Submission to Opponent. In any case in which an expanded record is directed, copies of the letters, documents, exhibits, and affidavits proposed to be included shall be submitted to the opposing party, who shall be afforded an opportunity to admit or deny their correctness."

Appellant was not afforded the opportunity to reply to counsel's affidavit, in that the Superior Court issued her order denying the appellant's motion based on counsel's

16

comments without first providing appellant the right granted by <u>Rule 61(g)(3)</u>. This is evidence of the court's arbitrary spirit in connection with this case, and zealousness to defend the Public Defender against any allegation made by the appellant, so much so that the court disregarded the rule in her haste to dispose of appellant claim.

The Superior Court's failure to afford a criminal defendant the procedural right to reply to counsel's affidavit pursuant to <u>Rule 61(g)(3)</u> has been found to constitute reversible error and abuse of discretion. See <u>Horne v. State</u>, 2005 WL 194597, * 2, <u>Backus v. State</u>, No 59, 2005, and <u>Morla v. State</u>, No_____, 2007.

It is for these reasons that appellant is entitled to remand, or alternatively a finding that counsel's conduct fell below an objective standard of reasonableness, and that appellant was prejudiced by counsel's failure sufficient enough to deprive him of effective assistance of counsel.

### Standard and Scope of Review

The standard and scope of review on this appeal is whether the Superior Court committed reversible error and abuse of discretion.    Sheldon v. State, 291 A.2d 273 (del. 1972).

## ARGUMENT II

**THE SUPERIOR COURT COMMITTED REVERSABLE ERROR AND ABUSE ITS DISCRETION WHEN IT FOUND THAT APPELLANT HAD NOT RAISED HIS RES JUDICATA ISSUE AND CONSTITUTIONAL CHALLNEGE TO THE HABITUAL STATUTES BEFORE THE DELAWARE SUPREME COURT, AND ABUSE ITS DISCRETION WHEN IT FOUND THAT THE ISSUES WERE PROCEDRUALLY BARRED.**

The Superior Court expressly found that appellant did not raise his constitutional challenges to the habitual offender statute and claim of res judicata on direct appeal, erroneously finding that the issues are now barred.  The court, at page 13, second paragraph of it's opinion specifically ruled that "Salih, however, did not raise this argument in his direct appeal to the Supreme Court."  On this erroneous basis the Superior Court ruled that appellant waived the argument and constitutional challenge to the habitual offender statute by failing to raise it on previous occasion, either before entering guilty pleas or in the direct appeal.  The court cited appellant's direct appeal Hall, 937 A.2d 139, 2007 WL 3170467, at *1 (citing Downer v. State, 543 A.2d 309, 312-13 (Del. 1988).  However, this finding was in error, even though this court did not mention the issue in its opinion, the issue was presented to the court.

Appellant raised the issue that Delaware's habitual offender's statutes create an unconstitutional conclusive presumption of incorrigibility in his opening brief on direct appeal. See Appellant's opening brief in Hall v. State, No 649, 2006, pages 37 thru 48 as appendix A. When this court failed to address the constitutional challenge to the statutes, appellant filed motion for rehearing en banc to bring the court's attention to the issue so that if could be decided on the merits. Thus, appellant has raised this constitutional challenge to the state habitual criminal statutes as an unconstitutional conclusive presumption of incorrigibility. Therefore, it is error to find that this issue was waived by appellant, and therefore procedurally barred.

The procedural bar and alleged waiver of the constitutional claim is a finding consistent with exhaustion requirements in our system of federal habeas corpus review. In essence the requirement to full present issues to the state courts; and the procedural rules which evolved under Rule 61 are consistent with this federal exhaustion requirement. See Picard v. Conner, 404 US 270, 276-77 (1971); Anderson v. Harless, 459 US 4, 6 (1982). The evolution of procedural bars like those relied upon in the Superior Court pursuant to Rule 61 have this common origin.

Appellant has satisfied the requirements in this case. In order to satisfy the requirement a court need not address the issue. The requirement is met by a criminal defendant when he presents the claim. See Smith v. Digmon, 434 US 332, 333-34 (1978); see, e.g. Swanger v. Zimmerman, 750 F.2d 291, 295-96 (3rd Cir. 1984).

For these reasons the appellant's argument challenging the constitutionality of 11 Del. C., subsection 4214(a) and 4215(b) were properly raised on direct appeal because it was presented to the court in appellant's opening brief, and then by motion for rehearing

en banc. The court simply did not rule on the issue. Therefore, the Superior Court's finding that appellant waived the challenge, and that it is therefore procedurally barred, is reversible error, and this issue is once again properly presented to this court via ineffective counsel claim.

Appellant asserts that the habitual offender statute creates an unconstitutional conclusive presumption of incorrigibility in violation of provisions of the Delaware and United States Constitutions, and this claim was properly presented in appellant's motion for post conviction relief pursuant to Superior Court Criminal Rule 61. It is error to find that the issue is procedurally barred.

## CONCLUSION

It is hoped that this court will simply look too disposed of this appeal because of appellant status as a state prisoner and pro se litigant. There appears to be a climate in Delaware, and growing throughout the country, that a pro se claim must always be malicious, frivolous, or under some negative connotation since the passing of the Prison Litigation Reform Act. Appears that courts are applying a quasi and unofficial civil death policy to prisoner by way of in forma pauperis, and the discriminatory standards set by the PLRA. The appellant urges this court to put aside prejudice and to review the issues in the spirit that was traditional for the review of pro se litigation of holding such a litigant to lesser standards of attorney, with an eye toward doing justice. Appellant has a substantial criminal history due to his chemical dependency that begun at age 13. However, he was victim to the side effects of a very powerful prescribed medication, that trigger relapse to his severe addiction problem under conditions were he simultaneously suffer delusions and other mood disorders. This issue has not been truly addressed by the courts. It is prayed that this court will find the reasonableness to dare and review the issue. If appellant proceeding pro se is an insurmountable obstacles, then remand the case and appoint counsel that will pursue the claims.

Appellant submits prayer that this court will grant relief.

Dated: 5- 19-08

Salih
SBI # 104141
Delaware Correctional Center
1181 Paddock Road
Smyrna, De 19977

**Certificate of Service**

I, Salih, hereby certify that I have served a true and correct copy of the attached

Appellant's Opening Brief and Appendix on Appeal upon the following parties:

> Deputy Attorney General
> Department of Justice
> 820 N. French Street
> Wilmington, De 19801

By placing the same in the United States Mail at the Delaware Correctional

Center, addressed as above, with postage prepaid, on this _17th_ day of

_MAY_ , 2008.

Salih
SBI # 104141
Delaware Correctional Center
1181 Paddock Road
Smyrna, De 19977