IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

Salih (Cecil Hall), )
   Petitioner, )
    )
Vs. ) Civ. Act. No. 08-27-SLR
    )
Perry Phelps, et. Al., )
   Respondent(s). )

FILED
JUL - 9 2008
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

## SUPPLEMENTAL MEMORANDUM OF LAW
## IN SUPPORT OF HABEAS CORPUS RELIEF

Petitioner presents this supplemental memorandum of law in support of his reply to respondent's answer to petition for writ of habeas corpus. Petitioner will submit the following for the purpose of clarification of his claim:

1. First it must be clarified that petitioner's constitutional challenge to Delaware's habitual criminal statutes are misconstrued by respondents. The state seems to suggest that Petitioner's challenge is that his habitual offender sentence amounted to cruel and unusual punishment because it established a presumption of incorrigibility. However, this is not an accurate read of his claim. Petitioner presented two (2) related but distinct claims in his opening brief on direct appeal: (1) that the sentence was cruel and unusual (going to the nature of the circumstances related to offenses and legislative intent); and (2) that the Delaware procedure creates an unconstitutional conclusive presumption of incorrigibility which is the status declared by the

act.  The distinction is significant and petitioner urges the court to not merge these claims.  In fact, petitioner's petition for federal habeas corpus relief emphasizes his challenge of the unconstitutional conclusive presumption, and therefore petitioner requests the court to focus on that claim since it is expressly raised in his petition.

2. Second, the respondents argue that the Delaware Supreme Court held on direct appeal in this case that "considering Delaware's legitimate public policy interest in punishing and deterring habitual offenders"  suggesting that Delaware habitual offender statutes reflects a rationale legislative judgment, entitled to deference relying on Rummel V. Estelle, 445 US 263, 284 (1980). Petitioner will demonstrate herein that the legislative intent in enacting the habitual offender states in Delaware are inconsistent with principles of statutory construction, and therefore, the intent of the legislature is more consistent with reasoning contained in the constitutional challenge presented by petitioner.

3. Petitioner submits this memorandum to present to this court that habitual criminal statutes in Delaware have been reviewed in isolation or in a vacuum, and contrary to the properly interpreted legislative will based on established principles of statutory construction, and therefore, actual legislative judgment has been misconstrued, and that the interpretation of Delaware

habitual criminal statutes are out of harmony with the legislative intent in enacting the procedures for declaration of habitual criminal status.  Thus, petitioner's constitutional challenge to the procedure as creating an unconstitutional conclusive presumption is actually supported by the properly interpreted legislative scheme, and state court rulings are in error, creating an unreasonable interpretation of Federal Constitutional rights.

 4. Habitual criminal status proceedings are governed by 11 Del. C., subsection 4214(a) and 4215(b).  1 However, Delaware courts have reviewed the procedures of these statutes in a vacuum, and inconsistent with other provisions of the state penal code of which these statutes are a part.

 5. Consistent with the rules of statutory construction, 11 Del. C., subsection 4214(a) and 4215(b), are to be construed in the context of the existing law, and as a part of a general and uniform system of jurisprudence.  See 82 CJS Statutes, Section 349.  When reviewing a statute, a reviewing court must attempt to harmonize each statutory enactment, considering the entire legislative scheme and the plain meaning of the language used.  A statute will not be given a construction at variance with established rules of law, unless the intention to over ride such rules in clearly manifested.  Isbrandten Co. v. Johnson, 343 US 779, 72 S.Ct 1011, 96 L.Ed 1294 (1952).  Thus, statutes do not exist in a vacuum, but must be read in relationship to one another

to effectuate the intent of the statutory scheme as a whole. Under the rules of statutory construction, statutes containing similar language and sharing a common raison d'etre should be interpreted pari passu.

6. When reviewing Delaware's habitual criminal statutes, and the case law interpreting these statutes, it becomes clear that the state's construction of the statutes are contrary to principles of statutory construction, and lead to a result that is not the intent of the legislature, and that is inconsistent with the whole of the criminal code. Delaware's penal code is <u>Title 11 of the Delaware Code</u>. This code contains the entire uniform system of criminal jurisprudence in Delaware, and therefore, pursuant to the rules of statutory construction, the habitual criminal statutes must be reviewed within the context of the penal code as a whole. See <u>Isbrandten Co. v. Johnson</u>, 343 US 779 (1952); <u>Tunnel v. Frye</u>, 254 A.2d 58 (Del. Super. Ct. 1969). The state court's have failed to properly review the statutes in this context and have reviewed them in isolation or a vacuum, and therefore the position represented by the respondents do not reflect "Delaware's legitimate public policy in punishing and deterring habitual offenders." A review of the code and relevant enactments in its entirely support petitioner's claim, and therefore this court should not reframe from a review of the

constitutionality of the statutes in question out of difference as suggested by respondents.

    7.  11 Del. C., subsection 201 sets forth the general purpose of the entire penal or criminal code. The wording of 11 Del. C., subsection 201 reads as follows:

> "The general purpose of this criminal code are:
>
> (1) To proscribe conduct which unjustifiably and inexcusably causes or threatens harm to individual or public interest;
>
> (2) To give fair warning of the nature of the conduct proscribed and of the sentences authorized upon conviction;
>
> (3) To define the act or omission and the accompanying mental state which constitute each offense;
>
> (4) To differentiate upon reasonable grounds between, serious and minor offenses and to prescribe proportionate penalties therefore; and
>
> (5) To insure the public safety by preventing the commission of

offenses through the deterrent influence of the sentences authorized, the rehabilitation of those convicted and their confinement when required in the interest of public protection."

8. Since Delaware's habitual criminal statutes 11 Del. C., subsections 4214 and 4215(b) are only components of the state penal code, according to principles of statutory construction, these statutes must be read in harmony with all other related provision arising out of the general purpose for the code set forth at 11 Del. C, Subsection 201.  No previous review of habitual criminal statutes in Delaware has looked to harmonize its practices with other aspects of the code.  There are even inconsistencies between current practices under the habitual criminal statute 11 Del. C., subsection 4214(a) and the actual procedural statute 11 Del. C., subsection 4215(b) because the statute is read in a vacuum.  Such an unreasonable result should not undermine federal constitutional review of a statute of such extreme consequences.

9. 11 Del. C., subsection 306 is a statutory abolishment of all conclusive presumptions in the penal code.  The provisions of 11 Del. C., subsection 4214(a) and 4215(b) must be read to find harmony with 11 Del. C., subsection 306.  This provision would

clearly dictate that the habitual criminal statute can not establish a conclusive presumption of incorrigibility in proof of prior conviction alone, and must provide for the rebuttal of the presumption by the petitioner. Considering Delaware's statutory prohibition against conclusive presumptions enacted in 11 Del. C., subsection 306, the statutory scheme in Delaware is more consistent with petitioner's claim then the respondent's defense. Under this construction 11 Del. C., subsection 4214(a) must be read to provide that prior conviction may trigger habitual criminal procedures, but that the lesser proof of prior convictions can only constitute a rebutt able presumption of incorrigibility, and not a clearly unconstitutional conclusive presumption that prior convictions amount to factual finding of incorrigibility with out the right to rebut the inference. See Siple v. State, Del. Supr., 701 A.2d 79 (1997). The Legislative intent to provide the right to rebut the presumption is also apparent form a reading of 11 Del. C., subsection 4215(b). In interpreting the procedural requirements of 4215(b) the Delaware Supreme Court in Key v. State, Del. Supr., 463 A.2d 633 (1983) defined the due process required in habitual criminal proceedings. According to Key, supr., "a person facing habitual criminal proceedings must have reasonable notice of the state's intent to seek additional punishment, be present with counsel, have an opportunity to be heard, be confronted with witnesses against

person, have the right to cross examine, and offer evidence of persons own." When these statutes are read as a harmonious whole, it is abundantly clear that the Delaware legislature provided the right to rebut the presumption of incorrigibility in the fact of prior convictions in the rights provided for by 11 Del. C., subsection 4215(b) in the light of subsection 306. Any other construction of the procedure is inconsistent with the principles of statutory construction.

    10. Petitioner presents his supplemental memorandum of law outlining the impact of a proper statutory construction of habitual criminal statutes in harmony with the whole of the Delaware Criminal Code in support of his claim that current practices have deprived him of substantive and procedural due process, and that the statutes have been interpreted to create an unconstitutional conclusive presumption of incorrigibility even contrary to the statutory scheme itself. Petitioner argues that the states use of procedure did not provide the right to rebut the presumption of incorrigibility unconstitutionally creating in the lesser fact of prior conviction a conclusive presumption of incorrigibility. Petitioner asserts that the complained of constitutional flaw is not consistent with the whole of the Delaware Penal Code, and has deprived him of substantive rights afforded by the United States Constitution under the 5th, 6th, and 14th amendments.

11.  Finally, petitioner argues that he is entitled to federal habeas corpus review of the deprivation of his federal constitutional rights to substantive and procedural due process by the State courts, and there exists no rationale basis for deference.  Although respondents argue that the State Supreme Court decided the issue indirectly on 8th amendment disproportionality grounds, this review was not adequate. Petitioner asserts that the State Court habitual criminal procedure currently practiced in Delaware rises to the level of a "fundamental defect which inherently results in a complete miscarriage of justice," and is inconsistent with fair procedure.  Reed v. Farley, 512 US 339, 348 (1994)) (quoting Hill v. US, 368 US 424, 428 (1962).  This issue, although centered in state court procedure under its habitual criminal statutes, the practice of the state creates a due process violation of federal constitutional magnitude.  See the standard set in Brecht v. Abrahamson, 507 US 619, 623, 629-30 (1993) as this claim addresses "structural defects."

**WHEREFORE**, Petitioner submits that his claim of unconstitutional conclusive presumption is substantial enough to be heard in these habeas corpus proceedings, and that he is entitle to relief to wit:  This court void the state court declaration of habitual criminal status.

Dated: 7-1-08

_[signature]_
Salih Hall
SBI # 104141
Delaware Correctional Center
1181 Paddock Road
Smyrna, De 19977

## Certificate of Service

I, SALIH (CECIL HALL/ SALIH HALL), hereby certify that I have served a true and correct copy of the attached Supplemental Memorandum of Law In Support of Habeas Corpus Relief, upon the following parties:

    Gregory E. Smith, Esq.
    Deputy Attorney General
    Department of Justice
    820 N. French Street
    Wilmington, DE 19801

By placing the same in an envelope addressed as above, postage pre-paid, and depositing the same in the United States mail at the Delaware Correctional Center, this 4th day of July, 2008.

    /s/ Salih
    Delaware Correctional Center
    1181 Paddock Road
    Smyrna, DE 19977

IM Salih Hall
SBI# 104141  UNIT W-1
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977