IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Salih (Cecil Hall),<br>Petitioner, | )<br>)<br>) |
| Vs. | ) C.A. No. 08-27-SLR |
| Perry Phelps, Warden<br>And Attorney General<br>Of the State of<br>Delaware,<br>Respondent(s). | )<br>)<br>)<br>)<br>)<br>) |

RECEIVED AUG 1 2 2008 SUE L. ROBINSON U.S. DISTRICT JUDGE

**MOTION REQUESTING THE REFERRAL OF PROCEEDINGS
TO THE UNITED STATES MAGISTRATE FOR THE CONDUCTING OF AN
EVIDENTIARY HEARING**

TO: THE HONORABLE SUE L. ROBINSON

**NOW COMES** the Petitioner, Salih (Cecil Hall), and moves this court pursuant to 28 USCA, Section 2254 and Federal Habeas Corpus Rule 8(b), to refer this case to a United States Magistrate for the purpose of conducting an evidentiary hearing in accordance with 28 USCA, Section 636(b). Petitioner submits the following in support of this request:

1. Petitioner has raised a challenge of the constitutionality of Delaware's habitual Criminal statutes, 11 Del. C, subsection 4214(a) and 4215(b), on the basis that the procedure creates an unconstitutional conclusive presumption of incorrigibility, a legislatively created status for which the General Assembly sought to punish by enacting the Act. See Hall v. State, Del. Supr., 473 A.2d. 352 (1984), and Siple v. State, Del. Supr., 701 A.2d. 79 (1997). Specifically, petitioner has presented the claim that the State habitual criminal procedures violate procedural and substantive due process by creating a conclusive presumption of incorrigibility in

    the lesser fact of prior conviction contrary to other provisions of the penal code, namely 11 Del. C., subsection 306.

2. Petitioner argues that in order to meet constitutional standards, the procedure in question must provide the right to rebut the presumption of incorrigibility that is currently established in the lesser fact of prior convictions. Keeping consistent with the theme that he is entitled to rebut the presumption of incorrigibility, petitioner has presented facts in the form of psychiatric evidence that his relapse back into chemical dependency, and consequently the underlying charged offenses, where the result of neuro-psychiatric side effects of medication called Interferon prescribed for the treatment of Hepatitis C. Virus. Interferon has been the focus of numerous studies, and significant evidence exists establishing the plausibility of the evidence presented by psychiatric reports.

3. Petitioner now moves this court to refer these proceedings to a magistrate pursuant to 28 USCA, Section 636(b), and Federal Habeas Corpus Rule 8(b), for the purpose of conducting an evidentiary hearing to provide for an adequate factual record relating to the impact of side effects of the aforementioned medication on the factual issue of incorrigibility. Petitioner asserts that under the 8th amendment doctrine of evolving standard of decency, and pursuant to 11 Del. C., subsections 6502, 6523, and 6531, that the State has created a fiduciary duty, and protect able interest, in providing treatment for chemical dependency, and in light of modern medical knowledge relating to chemical dependency as a now recognized neurological disease and organic metal disorder, that once relapse was triggered resulting from the chemically induced side effects of the medication,

that a constitutional question relating to a finding of incorrigibility arises which should be reviewed in the interest of justice, and consistent with the 8th amendment doctrine.

4. An evidentiary hearing has never been afforded the petitioner, even in state court, establishing a record of factual issues, and findings. Such a hearing would allow for the development of an adequate record for review by the court.

**WHEREFORE**, petitioner moves this court to refer the matter to a United States Magistrate pursuant to 28 USCA, Section 636, and Federal Habeas Corpus Rule 8(b).

**Dated:** 8-6-08

Salih (Cecil Hall)
SBI # 104141
James T. Vaughn Correctional Center
1181 Paddock Road
Smyrna, De 19977

## CERTIFICATE OF SERVICE

I, Salih (Cecil Hall), hereby certify that I have served a true and correct copy of the attached Motion Requesting the Referral of Proceeding to the United States Magistrate for the conducting of an evidentiary hearing upon the following parties:

>Gregory E. Brown, Esquire
>Deputy Attorney General
>Department of Justice
>820 N. French Street
>Wilmington, De 19801

By placing the same in the United States mail at the James T. Vaughn Correctional Center, addressed as above with postage prepaid, this 6th day of August, 2008.

>Salih (Cecil Hall)
>SBI $ 104141
>James T. Vaughn Correctional Center
>1181 Paddock Road
>Smyrna, De 19977

I/M SALIU UMAR
SBI# 164141 UNIT W-1
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977

Honorable Sue L. Robinson
United States District Court
844 King Street
Wilmington DE
19801